**Zhen Liu GUO, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

**No. 04–2063–AG.**

United States Court of Appeals,
Second Circuit.

Dec. 13, 2005.

Zhen Lin Guo, New York, New York, for Petitioner, pro se.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, Robert F. Daley, Jr., Assistant United States Attorney, Columbia, South Carolina, for Respondent.

Present: STRAUB, SACK, and SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zheng Liu Guo petitions for review of a March 31, 2004 BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's decision where, as here, the BIA summarily affirms or adopts the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning the factual finding only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). An adverse credibility determination by the agency must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Id.* at 74 (quoting *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003) (internal quotation marks omitted)). Although minor and isolated inconsistencies "need not be fatal to credibility," *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000), a reasonable adjudicator would not be compelled to find otherwise where an adverse credibility determination is based on inconsistent statement about material matters, *see id.* at 287–88.

In this case, IJ found that Guo was not credible because both he and his wife testified inconsistently and implausibly about material matters concerning the threats of sterilization and forced abortion that form the basis of his claim of family-planning persecution. This adverse credibility determination was supported by four specific and cogent findings which constitute substantial evidence. (1) There were material inconsistencies in Guo's wife's testimony with regard to her first pregnancy, her forced abortion, the birth of her son, and the threat of sterilization, and variances between the testimony she provided during her own merits hearing and at her airport interview. (2) The testimony of Guo's wife that officials came to her house to take her for a forced abortion but then brought her to the hospital for a cesarean operation to save the baby after she fell was implausible. (3) Material variances existed between Guo's testimony that officials came to the house three times to notify him that he had to be sterilized and his wife's statement that officials came only twice, and each provided materially different dates for the alleged visits. (4) Insufficient proof was proffered by Guo relating to the birth of his second daughter because the birth certificate Guo submitted did not give the name or sex of the infant or the name of the infant's father.

As the IJ's adverse credibility determination was supported by substantial evidence, the BIA properly denied both asylum and withholding of removal. *See, e.g., Zhou Yun Zhang*, 386 F.3d at 71.

Because Guo did not brief the CAT issue on appeal, he waived any challenge to the IJ's finding with respect to that issue. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review of the BIA's decision is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).